UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

─────────────────────────────────────────────

MUHAMMAD AKBAR,                                     Civil No. 09-810 (DSD/SRN)

      Petitioner,

v.                                                  **REPORT & RECOMMENDATION**

M. R. BABCOCK, Warden, et al. (BOP),
    and U.S. Government,

      Respondents.

─────────────────────────────────────────────

Muhammad J.D. Akbar, *pro se*, Federal Medical Center - Rochester, P.O. Box 4000, Rochester, Minnesota, 55903-4000.

Frank J. Magill, Jr. and Chad A. Blumenfield, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondents.

─────────────────────────────────────────────

SUSAN RICHARD NELSON, United States Magistrate Judge.

    This matter is before the undersigned United States Magistrate Judge on Petitioner Muhammad J.D. Akbar's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. The United States has filed a Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 2]. The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be denied.

**I.    BACKGROUND**

    Petitioner Muhammad J.D. Akbar ("Akbar") is an inmate at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), pursuant to a 1982 conviction for hijacking an

1

aircraft. (Kelly Decl., ¶ 8, Attach. 2 to Govt.'s Resp. to Pet.). He was sentenced to 50 years imprisonment on April 12, 1982, and his projected release date is August 1, 2012. (Id.).

On April 9, 2009, Akbar filed a habeas petition under 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") miscalculated his release date, thereby detaining him unlawfully for 14.5 years beyond his release date.[1] (Pet., Exs. 3, 5). Specifically, Akbar asserts that the BOP improperly calculated his Statutory Good Time ("SGT") and Extra Good Time ("EGT"), and that the BOP maintains inaccurate information regarding his sentence calculation. (Pet., Exs. 1-3). Akbar seeks parole now, rather than August 1, 2012. (Pet., Ex. 2).

The United States counters that Akbar's petition should be denied for two reasons: (1) Akbar failed to exhaust his administrative remedies; and, (2) the BOP has accurately calculated Akbar's sentence. (See Govt.'s Resp. at 7, 9, 13).

Akbar acknowledges that he has not exhausted his administrative remedies concerning his sentence calculation and submits to this Court that "there was no need to exhaust [his] administrative remedys [sic]," and fully exhausting such remedies is "a waist [sic] of time." (Pet. at 5, Pet.'s Reply at 1-2).

## II.    DISCUSSION

As a preliminary matter, an evidentiary hearing in a habeas corpus proceeding is appropriate only where the facts are in dispute. Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996). Because the relevant facts in this matter are not in dispute, an evidentiary hearing is unnecessary.

---

[1] Elsewhere in his Petition, Akbar claims that he should have been released "16 or more years ago." (See Pet., Ex. 2).

2

### A. Jurisdiction

The Court agrees with the United States that the only proper respondent in a habeas corpus petition brought under § 2241 is the custodian of the inmate. 28 U.S.C. §§ 2242; 2243; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The default inmate custodian is the Warden of the facility where the prisoner is being held. Padilla, 542 U.S. at 435. Because the BOP and the United States are not the proper respondents, the Court recommends their dismissal.

### B. Exhaustion of Administrative Remedies

The United States contends that Akbar's Petition should be dismissed because Akbar did not exhaust his administrative remedies concerning his sentence computation. (Govt.'s Resp. at 7).

It is well-established that inmates challenging the computation or execution of their sentences through a writ of habeas corpus must first exhaust their available administrative remedies. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006); United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000); see also United States v. Wilson, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (prisoner can seek judicial review of sentence computation after exhausting administrative remedies). The exhaustion requirement for § 2241 habeas petitions is judicially created and is not jurisdictional. Lueth v. Beach, 498 F.3d 795, 797 n. 3 (8th. Cir. 2007). Because the exhaustion requirement is not jurisdictional, courts may create exceptions to the exhaustion requirement. Frango v. Gonzales, 437 F.3d 726, 728-29 (8th Cir. 2006). Courts have excused a failure to exhaust when to do so would have been futile. Id.; Elwood v. Jeter, 386 F.3d 842, 844 n. 1 (8th Cir. 2004); U.S. v. Galceran, Civ. No. 07-4659, 2008 WL 4104696, *2 (D.

3

Minn. Aug. 29, 2008) (citing Frango, 437 F.3d at 728-29); Robinson v. Holinka, Civ. No. 06-621, 2007 WL 1054283, *4 (D. Minn. April 29, 2007).

The BOP maintains a three-tier administrative remedy program to address inmate concerns regarding any aspect of confinement. See 28 C.F.R. § 542. This procedure is designed to allow inmates to voice their grievances and provide the BOP an opportunity to resolve issues in-house prior to inmates seeking judicial relief. The first tier of the process requires inmates to initially seek informal resolution of the grievance before presenting it to the Warden of the facility where the inmates are confined. At the second tier, an inmate may appeal an unsatisfactory response to the BOP Regional Director, and at the third tier, an inmate may appeal an unsatisfactory response from the BOP Regional Director to the BOP Central Office. 28 C.F.R. § 542.15. Upon receipt of the BOP Central Office's response, an inmate has exhausted his or her administrative remedies.

Akbar prepared three informal complaints at the institutional level and one formal administrative complaint addressed to the Warden of FMC-Rochester or to the BOP Regional Director concerning his sentence computation.[2] Specifically, Akbar prepared his first informal Inmate Request to Staff form on March 30, 2009. (Pet., Ex. 1). It is unclear, however, whether he submitted the form since there is no indication of receipt by any facility staff person or the Warden.[3] (Id.).

On March 31, 2009, Akbar prepared his formal Request for Administrative Remedy form addressed to the Warden of the facility or to the BOP Regional Director concerning his sentence

---

[2] It is unclear from the record whether the Request for Administrative Remedy form was addressed to the Warden of the facility or to the BOP Regional Director.
[3] The March 30, 2009 Inmate Request to Staff form is missing the recipient's signature and date of receipt and contains no disposition of the complaint. (See Pet., Ex. 1).

calculation. (Pet., Ex. 2). Virtually identical in content to the March 30, 2009 Inmate Request to Staff form, the Request for Administrative Remedy form also does not show whether it was received by the Warden or the BOP Regional Director. (Id.). Even if the Court construes this form as being addressed and submitted to the BOP Regional Director, and subsequently denied, nothing in the record shows that Akbar appealed such a ruling to the BOP Central Office, as required for securing judicial review of a habeas petition.

On April 2, 2009, Akbar prepared a second informal Inmate Request to Staff form concerning his sentence calculation. (Pet., Ex. 3). Unlike the previous two complaints, this form was signed and dated by Ms. Brenda Mart, a facility staff person, indicating receipt. (Id.). On the following day, Ms. Mart responded to the request stating, in part, that she reviewed Akbar's sentence computation and that the August 1, 2012 projected release date was properly calculated. (Id.). Nothing before this Court shows whether Akbar appealed Ms. Mart's April 3, 2009 decision to the Warden, the BOP Regional Director or to the BOP Central Office, respectively.

On April 3, 2009, Akbar prepared a third and final informal Inmate Request to Staff form concerning his sentence calculation. (Pet., Ex. 5). Like the March 30 and March 31 requests, this form does not indicate whether it was received by any facility staff person or by the Warden. (Id.). Again, even if this Court finds that this Inmate Request to Staff form was properly submitted and received by a facility staff person, the Warden, or the BOP Regional Director, nothing before this Court shows that Akbar proceeded with his complaint to the BOP Central Office, as required for securing judicial review of a habeas petition.

Akbar further argues that because Ms. Mart led him to believe that his case was "in the hands of the U.S. Parole Commission . . . there was no need to exhaust [his] administrative remedys [sic]" related to his sentence computation and release date. (Pet.'s Reply at 2). But the

5

record indicates that Ms. Mart, in her response to Akbar's April 2, 2009 Inmate Request to Staff form, was referring to Akbar's release date, not his sentence computation, including SGT and EGT credits. (Pet., Ex. 3). Specifically, Ms. Mart indicated that Akbar's release date, after deducting his earned SGT and EGT, would be August 1, 2012, and an earlier release date would be at the discretion of the U.S. Parole Commission. Thus, Akbar's claim is misplaced, as Ms. Mart did not indicate that exhaustion was unnecessary and her remarks concerned Akbar's release date, not his sentence computation.

Finally, Akbar has not provided any grounds to be excused from the exhaustion of administrative remedies requirement. Simply submitting to the Court that fully exhausting such remedies is "a waist [sic] of time," is insufficient to justify an exception from the exhaustion requirement.

In sum, Akbar has not shown that his grievance would not have received fair and timely consideration by the BOP. Nor has he shown that the administrative process is futile. Finally, Akbar has not provided any grounds to be excused from the exhaustion requirement. Thus, he has not exhausted his administrative remedies as required prior to filing his petition and has failed to provide a credible explanation for his failure to do so. While it is appropriate for the Court to dismiss the petition based on this reason alone, the Court will also proceed to the merits of the case.

### C.     Merits of Akbar's Claims

Akbar alleges that the BOP miscalculated his release date, thereby detaining him unlawfully for 14.5 years beyond his release date. Specifically, Akbar asserts that the BOP improperly calculated his SGT and EGT, and that the BOP maintains inaccurate information regarding his sentence calculation. After reviewing all the exhibits, the Court finds no error in

Akbar's sentence calculation, including his earned SGT and EGT, and the August 1, 2012 projected release date. As such, Akbar's claim is without merit.

### 1. Statutory Good Time

Akbar alleges that he deserves at least 5,200 days of SGT.[4] (Pet., Ex. 2). The authority of the Attorney General to compute sentences has been delegated to the BOP. 28 C.F.R. § 0.96; United States v. Wilson, 503 U.S. 329, 333 (1992). Sentence computations and the award of SGT credit for offenses committed prior to November 1, 1987, are governed by 18 U.S.C. § 4161 (repealed), which states, in part:

> Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commenced to run, as follows: . . . Ten days for each month, if the sentence is ten years or more.

18 U.S.C. § 4161 (repealed).

Akbar's imposed sentence is more than ten years. As such, he is earning ten days of SGT for each month, or 120 days for each year. (Pet., Ex. 6; Kelly Decl., ¶ 6). Given his 50-year sentence, Akbar is projected to earn a total of 6,000 days of SGT. (Id.). This is actually more than the 5,200 days to which Akbar claims he is entitled. Thus, Akbar's assertion that the BOP improperly calculated his SGT is misplaced.

### 2. Extra Good Time

Next, Akbar contends that he deserves additional EGT credit. The award of EGT credit for inmates sentenced prior to the Sentencing Reform Act provisions of the Comprehensive Crime Control Act of 1984, is governed by 18 U.S.C. § 4162, which authorizes the Attorney

---

[4] Elsewhere in his Petition, Akbar claims that he is entitled to a total of 4,000 days of SGT and EGT. (See Pet., Ex. 1).

General to deduct EGT from an inmate's sentence. Section 4162 states, in part, "EGT is a credit to a sentence as authorized by 18 U.S.C. § 4162 for performing exceptionally meritorious service, for performing duties of outstanding importance in an institution, or for employment in a Federal Prison Industry or Camp." 18 U.S.C. § 4162. Thus, EGT includes Meritorious Good Time, Work/Study Release Good Time, Community Correction Center Good Time, Industrial Good Time, Camp or Farm Good Time, and Lump Sum Awards. See 28 C.F.R. § 532.1(b). Under 18 U.S.C. § 4162, the award of EGT credit is at the discretion of the Attorney General, through the BOP.

The BOP has awarded Akbar 882 days of EGT, and Akbar is projected to earn 195 additional days of EGT before his release date. (Kelly Decl., ¶ 7). Nothing before this Court shows that the BOP denied Akbar EGT credit arbitrarily and capriciously. See Cohen v. Ciccone, 318 F. Supp. 831, 836-37 (W.D. Mo. 1970) (the discretion of the BOP to award EGT is not reviewable in the courts in the absence of an arbitrary or capricious exercise of discretion or exceptional circumstances); Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994) (unlike good time credits for good behavior, good-time credits for job performance are granted at the discretion of the BOP). Thus, absent a showing of arbitrary or capricious discretion by the BOP, Akbar may not claim that he is entitled to additional EGT credit. His Petition should be denied.

### 3. Akbar's Central File

Finally, Akbar contends that the BOP maintains inaccurate information in his central file regarding his sentence calculation. Unfortunately, he fails to provide any information supporting his claim. The Court is unable to determine from the record whether Akbar's central file contains incorrect information concerning his sentence computation, as he claims. Therefore, the Court recommends that this claim be denied.

In sum, Akbar is projected to earn a total of 6,000 days of SGT – more than the 5,200 days to which he claims he is entitled. Further, the BOP awarded Akbar 882 days of EGT, and Akbar is projected to earn 195 additional days of EGT before his release date. Nothing before this Court shows that Akbar is entitled to additional EGT credits. After deducting both SGT and EGT credits from the 50-year sentence, Akbar's projected release date is August 1, 2012. An earlier release date is at the discretion of the U.S. Parole Commission. Finally, there is no evidence that the BOP maintains incorrect information in Akbar's central file concerning his sentence computation. Thus, the Court finds that the BOP sentence calculation is correct and Akbar's Petition should be denied on its merits.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Habeas Corpus Relief [Doc. No. 1] be **DENIED** and **THIS ACTION BE DISMISSED WITH PREJUDICE**.

Dated: July 29, 2009

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 13, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.